**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES W. FORSYTHE, et al., ) | 3:10-CV-0716-RCJ (VPC) |
| ) | consolidated with |
| Plaintiffs, ) | 3:10-CV-0804-RCJ (VPC) |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOSEPH BROWN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On October 18, 2011, this court considered plaintiffs' motion to quash subpoena (#90) and supplemental motion to quash subpoena (#91). This court denied the motions and granted defendants' request for monetary sanctions for having to respond to plaintiffs' motion to quash. (#110). The court directed defendants' counsel to file a statement of attorney's fees and include an itemization and allocation of the hours worked, the tasks completed, and the time spent per task. *Id.* The court gave plaintiffs' counsel a date by which to respond. *Id.* Defendants filed supplemental affidavit in response to the court's order (#106), plaintiffs responded (#115), and the court now enters this order.

Calculation of reasonable attorney's fees is a two-step process. First, the court computes the "lodestar" figure, and then multiplies the reasonable hourly rate by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted).

It is customary for attorneys to bill an hourly rate for legal services provided. Mr. Durbin, lead counsel for defendants, provides an affidavit, which states that he charges an hourly rate of $350.00, and that an associate assigned to the case charges an hourly rate of $160.00 (#106). The court finds both of these hourly rates to be very reasonable and comparable to the hourly rates of attorneys practicing before this court routinely charge.

The court next considers the hours expended on the tasks outlined in Mr. Durbin's affidavit. The court is very familiar with the briefing required to oppose the motion and supplemental motions to

quash, and Mr. Durbin provides a detailed summary of each task performed and the time allotted for each task. The court find defendants' counsels' time reasonable for the services performed for the amount of attorney's fees of $4,690.00. In addition, the court awards an additional 0.6 hours for Mr. Durbin and 1.8 hours for the associate for a total of $5,188.00.

Having considered the hourly rate and the legal services itemized in Mr. Durbin's affidavit, the court must decide whether to increase or reduce the lodestar calculation. *Fischer,* 214 F.3d 1115, 1119. The *Kerr* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) award in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1] The court has already addressed factors one and five, and finds the remaining *Kerr* factors do not warrant an increase or reduction in the lodestar calculation.

Based upon the foregoing, and good cause appearing,

**IT IS ORDERED** that defendants are awarded the sum of $5,188.00 in attorney's fees. Payment of these attorney's fees shall be made to defendants' counsel no later than February 17, 2012.

**IT IS SO ORDERED.**

DATED: February 2, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The *Kerr* factors are also incorporated into Local Rule 54-16.